MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695

CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307

Attorneys for Plaintiff
Nikolla Stefa

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NIKOLLA STEFA, | CIVIL NO. _____ |
| Plaintiff, | COMPLAINT; JURY DEMAND; SUMMONS |
| vs. | |
| HAWAII PACIFIC HEALTH, KAPIOLANI MEDICAL CENTER FOR WOMEN AND CHILDREN, | |
| Defendants. | |

## COMPLAINT

COMES NOW, Plaintiff NIKOLLA STEFA, by and through his attorneys Charles H. Brower and Michael P. Healy, and for causes of action against Defendants, alleges and avers as follows:

## THE PARTIES

1. Plaintiff NIKOLLA STEFA is and was at all times mentioned herein a resident of Honolulu, Hawaii, and citizen of the State of Hawaii.

2. Defendant HAWAII PACIFIC HEALTH (hereinafter "HAWAII PACIFIC") is a domestic nonprofit corporation incorporated in the State of Hawaii.

3. Defendant KAPIOLANI MEDICAL CENTER FOR WOMEN AND CHILDREN (hereinafter "KAPIOLANI") is a domestic nonprofit hospital corporation incorporated in the State of Hawaii.

## NATURE OF THE CASE

4. Plaintiff was hired by Defendants on February 19, 2013, and assigned as a Certified Surgical Technician to Defendant KAPIOLANI hospital.

5. On September 3, 2020, Plaintiff filed a Charge of Discrimination against Defendant KAPIOLANI alleging national origin and ancestry discrimination and retaliation resulting in discriminatory harassment and termination on March 19, 2020.

6. Plaintiff also made complaints and allegations of violations of laws by Defendant HAWAII PACIFIC and Defendant KAPIOLANI, and in retaliation Plaintiff was terminated in violation of the Hawaii Whistleblower Protection Act.

## JURISDICTION

7. The jurisdiction of this Court is pursuant to Title VII of the Civil Rights Act of 1964, as amended.

8. The administrative prerequisites for filing the discrimination cause of action have been fulfilled. A Dismissal and Notice of Rights was issued by the Equal Employment Opportunity Commission ("EEOC") on April 6, 2021.

## STATEMENT OF FACTS

9. Plaintiff was hired by Defendants on February 19, 2013, as a Certified Surgical Technician and assigned to work at Defendant KAPIOLANI hospital.

10. Plaintiff was born in Albania.

11. Plaintiff came to the United States and became a naturalized American Citizen.

12. Plaintiff worked at Defendant KAPIOLANI as a Certified Surgical Technician.

13. During Plaintiff's employment with Defendant KAPIOLANI, Plaintiff was harassed on the basis of his ancestry and national origin by a co-worker. The harassment was verbal in nature. The co-worker made false accusations about Plaintiff and got a temporary restraining order (TRO) against Plaintiff. The co-worker would attempt to imitate Plaintiff's accent and tell other employees that Plaintiff was from Albania, which created a hostile work environment.

14. Plaintiff complained about the discriminatory harassment to management, but management failed to take immediate and appropriate corrective action to end the harassment, and the harassment continued. The harassment created a hostile work environment for Plaintiff based upon discrimination.

3

15. On May 11, 2019, Plaintiff reported violations of the law regarding safety in the hospital delivery rooms to the United States Department of Labor, Occupational Safety and Health Administration (OSHA). The report was made by Plaintiff and related to failure to properly decontaminate delivery rooms prior to restocking.

16. On May 16, 2019, the Hawaii Occupational Safety and Health Division (HIOSH) confirmed that there was a violation of law if delivery rooms were not decontaminated after use and before restocking, which is a violation of safety.

17. These reports by Plaintiff to OSHA and HIOSH were reported by Plaintiff to Defendants.

18. On May 28, 2019, Plaintiff reported to his Union by an e-mail that he was experiencing a hostile, toxic, and divisive work environment due to actions of his co-worker.

19. On May 31, 2019, the Union forwarded the complaint of Plaintiff to Defendant HAWAII PACIFIC.

20. On July 3, 2019, the co-worker obtained a Temporary Retraining Order (TRO) against Plaintiff, alleging that Plaintiff was harassing him.

21. At a Court Hearing on July 24, 2019, the Court dismissed the restraining order because it was not supported by evidence of harassment.

22. In October and November 2019, Plaintiff reported to Defendants issues related to the co-worker about safety violations, and a hostile work environment due to discrimination.

23. After the reports by Plaintiff, OSHA did an investigation about workplace violence at Defendant KAPIOLANI.

24. Beginning in July 2019, Plaintiff had to seek medical care and counseling for a psychological injury and was diagnosed with an adjustment disorder with mixed anxiety and depressed mood due to the work harassment, hostile work environment, and discrimination.

25. In July 2019, Defendant HAWAII PACIFIC had an investigation done regarding the allegations by Plaintiff.

26. Plaintiff reported to Defendant HAWAII PACIFIC that the co-worker was imitating his accent at work and told co-workers that he was from Albania, that co-workers who were naturalized citizens were treated differently from workers born in the United States which was discrimination.

27. On December 10, 2019, Plaintiff sent an e-mail to Defendant HAWAII PACIFIC about the discrimination and hostile work environment.

28. In early 2020, Plaintiff's co-worker attempted to get other employees to make false accusations about Plaintiff's actions.

29. On March 19, 2020, Plaintiff was discharged from employment with Defendant HAWAII PACIFIC. Plaintiff denies that there was a reasonable basis for

5

his discharge. Plaintiff was discharged from employment with Defendant HAWAII PACIFIC and Defendant KAPIOLANI based on his ancestry and national origin, in retaliation for complaining about discrimination and also in violation of the Hawaii Whistleblowers Protection Act HRS § 678-62.

30. Plaintiff was subject to unequal terms and conditions of employment in retaliation for being of Albanian ancestry and national origin, and for complaining about violations of law related to safety and a hostile work environment.

31. The discrimination caused Plaintiff anxiety which caused a stress injury for which Plaintiff had to seek medical care.

32. Plaintiff's work performance as a surgical technician was good, and there was never any complaint made by Defendants about his performance as a surgical technician.

33. If not for Plaintiff's Albanian ancestry and national origin, and whistleblowing, Plaintiff would not have been subjected to discrimination, and terminated from employment with Defendant HAWAII PACIFIC and Defendant KAPIOLANI.

## STATEMENT OF CLAIMS

### COUNT I - NATIONAL ORIGIN DISCRIMINATION

34. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

35. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination and termination due to national origin and based on retaliation for complaining of the discrimination.

36. The aforesaid acts and/or conduct of Defendants constitutes discrimination as they were acts and/or failure to act by Defendants and their employees in direct violation of Title of the Civil Rights Act of 1964, as amended.

37. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

38. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

39. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about his future and his ability to support himself, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among his friends and co-workers, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

## COUNT II – RETALIATION

40. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

41. The actions of Defendants' agents and employees in discriminating against Plaintiff were because he opposed discrimination alleged herein for which Plaintiff is entitled to an award of damages to be proven at trial.

## COUNT III

## HAWAII WHISTLEBLOWER PROTECTION ACT

42. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

43. The termination of Plaintiff was in violation of H.R.S. § 378-62, the Hawaii Whistleblower Protection Act due to Plaintiff's reports of violations of rules and law for which Plaintiff is entitled to an award of damages to be proven at trial.

44. The actions of Defendants' and its employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

    A.    For reinstatement to employment with Defendant KAPIOLANI with full benefits; and

B. For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and

D. For punitive damages; and

E. For attorney's fees, costs, and interest, including prejudgment interest; and

F. For such other and further relief as is appropriate.

DATED: Honolulu, Hawaii, July 2, 2021.

                                  /s/ Charles H. Brower
                                  CHARLES H. BROWER
                                  MICHAEL P. HEALY
                                  Attorneys for Plaintiff
                                  Nikolla Stefa